NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PHILLIP THOMAS MATZ, *Appellant.*

No. 1 CA-CR 19-0491
FILED 8-20-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-158915-001
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Jennifer B. Campbell joined.

_____

**C A T T A N I**, Judge:

¶1        Phillip Thomas Matz appeals his convictions and sentences for possession of marijuana, possession of a dangerous drug (methamphetamine), possession of a narcotic drug (heroin), and possession of drug paraphernalia. Matz's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Matz was given the opportunity to file a supplemental brief but did not do so. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Matz's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In early December 2018, police officers were called to Matz's residence on a matter unrelated to the current charges. After seeing a glass pipe with burnt residue on the kitchen counter—a pipe of the type often used to consume methamphetamine—the officers obtained a warrant and searched the premises, finding a cell phone box containing small bags of marijuana, methamphetamine, and heroin. The serial number and type of phone reflected on the box matched those of the only cell phone found in Matz's residence.

¶3        Matz was arrested and charged with the drug offenses outlined above, and a jury found him guilty as charged. After a trial on priors, the court found that Matz had multiple historical prior felony convictions and sentenced him as a category three repetitive offender to concurrent, presumptive terms of imprisonment, the longest of which is 10

years, with credit for 256 days of presentence incarceration.[1]   Matz appealed.

## DISCUSSION

**¶4**         We have read and considered counsel's brief and have reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300.  We find none.

**¶5**         Other than three pretrial hearings at which counsel waived his presence, Matz was present and represented by counsel at all stages of the proceedings against him.  The record reflects that the superior court afforded Matz all his constitutional and statutory rights and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdicts.  Matz's sentences fall within the range prescribed by law, with sufficient credit given for presentence incarceration.

---

[1]     Despite the court's repetitive-offender findings, the initial sentencing order listed the years of imprisonment for each offense as though Matz were a first-time offender.  *See* A.R.S. § 13-702(D).  On the State's motion, the court issued a corrected sentencing order substituting the correct number of years of imprisonment for a category three repetitive offender, *see* A.R.S. § 13-703(J), and Matz did not object to or separately appeal the corrected sentencing order.  *See* Ariz. R. Crim. P. 24.3(a), (c)(1), 24.4.

**CONCLUSION**

**¶6** Matz's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Matz's representation in this appeal will end after informing Matz of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Matz has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

4